CASSON vs, LOUISIANA STATE BANK.
LOUISIANA STATE BANK vs. CASSON.

APPEAL from the court of the sixth district— the judge of said court presiding.

PORTER, J. delivered the opinion of the court. In both these actions the plaintiffs have been seeking to enforce mortgage claims against the estate of John Casson deceased, on property in the possession of third persons, and each has obtained an injunction against the proceedings of the other.

Before enquiring into the regularity and legality of the action thus instituted, and the respective right of the parties in reference to each other, it becomes necessary to examine and decide whether the property which they attempted to seize and sell, did not actually form a portion of the estate of Casson.

Sprigg and Scott were endorsers on certain notes held by the Louisiana State Bank. To secure them against the effects of these en-

If an absolute sale be made to a surety, for his indemnification, the legal title is in him, 'till he be relieved from the suretyship.
A court cannot, by anticipation, act on questions of law.
He who has a superior privilege, cannot prevent a sale, but must exercise his priviledge on the proceeds.

Western Dis,
Ovtaber 1828,
CASSON
vs.
LOUIS. ST.
BANK.
dorsements, he made them an absolute convey-
ance of a tract of land owned by him in the
parish of Rapides, and they on their part,
executed in his favor, a certain letter, in which
they state, that "the conveyance so made to
them, was for the sole purpose of securing
the said Sprigg and Scott against endorse-
ments—and that whenever the said Casson
shall pay and release them from such en-
dorsements, without their having recourse to
the said conveyed property, then they would
re-convey the same to him for his own use."
It is proved in evidence that the vendors are
yet responsible on endorsements to the amount
of $1000.

On these facts, we are of opinion, that the
legal title is vested in Scott and Sprigg, and
that the land so conveyed cannot be consider-
ed as making a part of the estate. Taking the
act of sale, and the counter letter together,
we have in truth presented to us the contract
known to in law as the *vente a remeré*. The
condition annexed to the conveyance is dis-
solving, not suspensive. If Scott and Sprigg
are not paid or released from their indorse-
ments, the land is theirs, and until that event
takes place, it is of course no part of the es-
tate of Casson.

These cases have been consolidated in the
court below, but we find nothing on an examination of the record which presents any matter for our decision.   The bank attempted to enforce their lien by an order of seizure and sale.   The widow did not approve this proceeding, but prayed that the proceeds of the sale might be enjoined in the hands of the sheriff, until her right of preference could be settled.   Previous to the service of the injunction on the bank, they directed a stay of proceedings, and no sale has since taken place of the premises.   There is consequently no matter presented, on which an issue could be joined.   The *contestatio litis* can only arise on the moneys coming into the hands of the sheriff, under a sale made at the demand of the bank, and without it there is nothing for this court to try.

It is true the bank has put in an answer to this petition, in which they deny the widow's right to interfere: the justice and legality of her claims, &c.   But they had no right to do this, until the event occurred upon which her claim and theirs would come in contact.   Certainly parties cannot call upon the court to try by anticipation, questions of law which

Western Dis,
October 1828,

CASSON
vs.
Louis. St.
Bank,
may arise on events, that may or may not take place hereafter. Were we now to decide the point presented by this answer, we might be settling matters which may never be contested between the parties, for *non constat*, that the defendant in injunction will ever execute the order of seizure and sale, or that the moneys in which the plaintiff claims a preference will ever come into the hands of the sheriff.

Dismissing therefore from our consideration all the matters growing out of the injunction obtained by the widow against the bank, we proceed to examine that, in which the relative position of the parties was changed, the bank becoming the petitioners in injunction, and the widow defendant.

In their petition they state the fact of the defendant having taken out an execution on a judgment obtained against her husband in his life time. They complain of the irregularity and illegality of doing so, without reviving it against the estate. They assert that there is other property to which she should resort before selling this, and they pray that further proceedings on her part be enjoined.

To this petition the defendant, among many

other things, answered, that the plaintiff has

no right to interfere—that their lien if superior to hers, was on the proceeds, but furnished no authority to stay her execution.

In this position we fully concur. The point has been lately decided in this court. The law requires that property exposed to sale by a sheriff, shall be sold subject to *all* the privileges and mortgages with which it is burthened. The right of the plaintiffs could not therefore be impaired by the sale. Admitting their lien to be of a higher nature than the defendants, she has still a right to have the property sold, for it may bring more than will pay their debt, and her claim to the overplus is undisputed. *See vol.* 6, 615, *code of pract.* 679, 683.

Therefore we think the court below erred in making the injunction perpetual against the defendant Casson. It should have been dissolved. And to that granted in her favour as it cannot affect the bank until a sale takes place at their instance, and the proceeds come into the officers hands, no judgment can be pronounced upon it.

It is therefore ordered, adjudged, and de-

Western Dis,
October 1828,

CASSON
*vs.*
LOUIS.  ST.
BANK.

creed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the injunction granted at the suit of the Louisiana State Bank vs. Casson, be dissolved, the bank paying costs in both cases.

*Thomas* for the plaintiff—*Scott & Boyce* for the defendants.